1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11   BRIAN THOMAS DRUMMOND,      )        SA CV 00-243 AHS (ANx)
     et al.,                     )
12                               )
                  Plaintiffs,    )
13                               )
                                 )
14            v.                 )        JURY INSTRUCTIONS
                                 )
15   CITY OF ANAHEIM, et al.,    )
                                 )
16                               )
                  Defendants.    )
17   _____ )

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1        **COURT'S INSTRUCTION NO. 2**

2            You should decide the case as to each plaintiff and

3    each defendant separately.  Unless otherwise stated, the

4    instructions apply to all parties.

**COURT'S INSTRUCTION NO. 3**

The plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**COURT'S INSTRUCTION NO. 4**

In order to prevail on their § 1983 claim against the defendants Christopher Ned, Kristi Valentine, and Brian McElhaney, plaintiffs must prove each of the following elements by a preponderance of the evidence:

      1.   the defendants acted under color of law; and

      2.   the acts of the defendants deprived the decedent Brian Drummond of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiffs have proved each of these elements, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

5

**COURT'S INSTRUCTION NO. 5**

In order to establish that the acts of the defendants deprived the decedent, Brian Thomas Drummond, of his rights under the United States Constitution as explained in these instructions, plaintiffs must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the decedent's rights as to be the moving force that caused the ultimate injury.

**COURT'S INSTRUCTION NO. 6**

Section 5150 of the California Welfare and Institutions Code provides: When any person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer . . . may, upon probable cause, take, or cause to be taken, the person into custody and place him or her in a facility designated by the county and approved by the State Department of Mental Health as a facility for 72-hour treatment and evaluation.

**COURT'S INSTRUCTION NO. 7**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or detaining a person.  Thus, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that the officers used excessive force when they attempted to detain the decedent, Brian Thomas Drummond.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

    1.    The severity of the crime or other circumstances to which the officers were responding;

    2.    Whether the decedent posed an immediate threat to the safety of the officers or to others;

    3.    Whether the decedent was actively resisting arrest or detention or attempting to evade arrest or detention by flight;

    4.    The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

    5.    The type and amount of force used;

6.   The availability of alternative methods to take
     the decedent into custody or to subdue the
     decedent; and

7.   Whether it was or should have been apparent to the
     officers that the individual involved was
     emotionally disturbed.

**COURT'S INSTRUCTION NO. 8**

Police officers have an affirmative duty to enforce the law and preserve the peace.  This includes stopping other police officers from violating the law.  A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally punish a third person in his presence.  Thus if you find that Officer A unlawfully physically assaulted the decedent, and that Officer B was in a position to and had the ability to stop the assault, but did nothing to prevent it, you may hold the second officer liable as well.

**COURT'S INSTRUCTION NO. 9**

The use of force by police officers is not reasonable under the Constitution if there is no need for force.  It is unreasonable and a violation of the Fourth Amendment for a police officer to use physical force on a person who has been arrested and restrained, who is securely under the control of the police, and who is not attempting to escape.

**COURT'S INSTRUCTION NO. 10**

A police department's internal policies and regulations do not create the legal standard of care in an excessive force case, and, therefore, a violation of an internal policy is not the equivalent of a federal civil rights violation.

1

**COURT'S INSTRUCTION NO. 11**

2        You may not find an officer's use of force unreasonable

3 based on tactical errors that result in a confrontation that

4 could have been avoided.

**COURT'S INSTRUCTION NO. 12**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiffs on plaintiffs' violation of civil rights claim, you must determine plaintiffs' damages.  The plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.  You should consider the following:

The nature and extent of the injuries;

The reasonable value of necessary medical care, treatment, and services received to the present time; and

The loss of Brian Drummond's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

14

**COURT'S INSTRUCTION NO. 13**

The evidence you are to consider in deciding what the facts are consists of:

      1.   the sworn testimony of any witness;

      2.   the exhibits which are received into evidence; and

      3.   any facts to which the lawyers have agreed.

**COURT'S INSTRUCTION NO. 14**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**COURT'S INSTRUCTION NO. 15**

The law allows expert witnesses to be asked questions that are based on assumed facts.  These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**COURT'S INSTRUCTION NO. 16**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of certain witnesses were taken in this case.  You should consider deposition testimony, presented to you in court in place of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**COURT'S INSTRUCTION NO. 17**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**COURT'S INSTRUCTION NO. 18**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**COURT'S INSTRUCTION NO. 19**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**COURT'S INSTRUCTION NO. 20**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COURT'S INSTRUCTION NO. 21**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

**COURT'S INSTRUCTION NO. 22**

Re-reading of testimony is possible, but I must review all of what is to be re-read – there is NO TRANSCRIPT MADE UP. And, even if there were, I would have it re-read due to objections, side-bars, and other proceedings outside the jury's presence.  Morever, I or the attorneys might feel that other matters should be included in the same read-back.  Preparing for a re-read of testimony takes time.  Please understand that, so that if a request is made, we will gladly arrange to do so, but the jury should keep deliberating until we are able to make sure that we have everything ready.

**COURT'S INSTRUCTION NO. 23**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

DATED: May 13, 2009.